6 U.S. 344 (____)
2 Cranch 344
REILY, APPELLANT
v.
LAMAR, BEALL, AND SMITH, APPELLEES.
Supreme Court of United States.

*349 E.J. Lee, for appellant.
February 6th 1805. The case was now argued by E.J. Lee, and C. Lee, for the appellant, and by Mason for the appellee.[*]
*356 Marshall, C.J. delivered the opinion of the court to the following effect: 
In this case the court has attentively considered the record, proceedings, and evidence. The only equity of the complainant's bill as to Lamar & Beall, arises out of the transactions between him and the defendant, Smith, and the court is of opinion that that equity is not supported; and that the material allegations of the bill as to the defendant, Smith, and which are denied by his answer, are also unsupported by the evidence. Nor are the allegations of the complainant respecting his certificate of discharge, sufficiently proved.
By the separation of the district of Columbia from *357 the state of Maryland, the complainant ceased to be a citizen of that state, his residence being in the city of Washington at the time of that separation.
As the complainant was entitled to a discharge, upon executing the deed of assignment of all his effects to the trustee appointed by the chancellor, his certificate would relate back to the date of the deed. It has been said, that the true date of that deed was the 23d of December 1800, and that the certificate of the chancellor, which states the date to be the 23d day of March 1801, is incorrect.
But the certificate of the chancellor, is the only evidence before the court as to that subject, and we must take it to be true. It is therefore, not material to inquire whether the inhabitants of the city of Washington, ceased to be citizens of Maryland on the 27th of February 1801, or on the first Monday of December 1800, as it is not contended that they were under the jurisdiction of Maryland so late as the 23d of March 1801.
The complainant, therefore, not being a citizen of Maryland at the time of executing the deed, did not bring himself within the provisions of the insolvent law, under which he claims relief.
I was inclined at first to think, that an account might have been directed between the complainant and the defendant, Smith, but the court is of opinion, that if he has any remedy against Smith, it is at law and not in equity. The bill must be dismissed with costs, but without prejudice.
NOTES
[*] E.J. Lee, being asked by the court, for a statement of the case agreeable to the rule of court, alleged that it was not in his power to make a statement, as it was a question as to the weight of testimony, on contradictory evidence.

Marshall, Ch. J. The court require a statement of the case, even though the question is a question of fact;  at least the substance of the bill and answer, and the facts which are in contest, might be stated.