The opinion of the court was delivered by
Tiighman, C. J.
I think the evidence of Robert Moore was properly admitted. The plaintiff claims under Matlock by purchase since the year 1788. The admission of the pine tree by Matlock, as Hauser’s boundary, in 1788, was evidence, therefore, against the plaintiff, Matlock being dead at the time the evidence was given. It is objected, that Matlock knew nothing of tlye tree himself, but took his information from Moore, the witness. The evidence was not conclusive, but as every man is supposed to know something of his own affairs, it was of some weight, that Matlock acquiesced in Moore’s intimation, and ran from the pine which was shown him, considering it as a boundary. Another objection to the testimoney of Moore was, that it contradicted the deed from Matlock 1,0 Hauser. Moore swore, that Hauser was in possession, and had purchased from Matlock, prior to the year 1788; whereas, the deed bears date in 1795, But there is no contradiction in this. Nothing is more common, than a contract for sale of lands, many years before a conveyance is executed. The purchaser is let into possession, improves the land, and gets his deed when he has paid the purchase money, or given good security for it. Moore proves, that the possession was in Hauser. That was a notorious fact, in which he could not be mistaken, and the subsequent conveyance from Matlock, makes it highly probable, that the contract of sale was made before Hauser went to the expense of making improvements. Valuable improvements in tracts of vacant land, in an unsettled country, are not commonly the work of tenants.
The plaintiff took another exception to the admission of the deposition of Joshua Elder. This deposition proved, that Elder was appointed a deputy surveyor under the proprietaries, in 1769, and served in that office until the revolution, when he was again appointed under the state government, and remained in office, until the year 1790; and that during that time, he frequently returned *356 surveys containing much more than the warrants called for, and there never was any difficulty, as to the acceptance of them, where there was no interference with the claim of any other person. Parol evidence of the custom of the proprietary land office, has been often admitted ; and this custom is made up of a number of particular facts. To be sure, the surveys of which Elder speaks, might have been procured from the land office. But the great trouble and expense of making out a custom in that way, has induced the courts to make a small relaxation in the strict law of evidence. It is not much longer, that evidence of customs prior to the revolution, will be had, from the mouths of living witnesses. No ill consequence can result, therefore, from continuing the practice which certainly has prevailed, of permitting testimony of this bind to go to the jury, who will give it such weight as they think it is worth. But there was one particular objection urged against Elder’s testimony, viz: that although, in general, parol evidence of custom has been admitted, yet it ought not to be suffered in this case, where the quantity of surplus land was so great, and so contrary to the written orders of the board of property. To this objection the defendants’ counsel answered, that it was material for them to prove title to the tract in the name of Isaac Catharall, which contains a surplus of only seventy-four acres; so that the evidence would be good for that purpose, without applying it to the larger quantity of surplus contained in the exterior lines of the five contiguous surveys, owned by Matlock. This answer meets the objection. The plaintiff’s counsel might have asked the defendant for what purpose he offered the evidence, and then he would have been held to the point for which it was offered. But, having objected to the evidence generally, all that is incumbent on the defendant is, to show that it was proper for some purpose
I am of opinion, on the whole, that there is no error in the record, and therefore, the judgment should be affirmed.
Duncan, J, gave no opinion, having been counsel for the plaintiff in error.
Judgment affirmed.