CLEMENT WOODWARD, PLAINTIFF IN ERROR, *vs.* JAMES BROWN, AND SARAH JANE, HIS WIFE, DEFENDANTS IN ERROR.

Where, by a misprision of the clerk of the Circuit Court, the judgment in a case brought up by a writ of error had not been entered according to the declaration, the Supreme Court allowed an amendment to be made by the entry of the judgment, without awarding a certiorari to the Circuit Court. This was done in a case which had been brought up by a writ of error to the previous term of the Court.

It is a well established principle of law, that a tenant cannot dispute the title of his landlord; and where the Marshal of the District of Columbia, having a writ of habere facias possessionem for the west half of a lot in the city of Washington, took possession of the east half of the lot, and the tenant of the persons who claimed to be the owners of the lot attorned to the plaintiffs in the writ, such attornment was without authority, and was void.

A tenant who disclaims his landlord's title is not entitled to notice to quit and deliver up possession.

In an action of ejectment, the day of the ouster need not be alleged; and it is sufficient if it is laid after the demise.

The specific date under a videlicet is not necessary in a declaration in ejectment, and may be rejected as surplusage: if it sufficiently appears on the face of the declaration that the ouster was after the entry under the several demises.

The rule is well established, that when the right of entry is by ouster of the title of the wife, the demise may be laid in the name of the husband, or in the names of the husband and wife.

IN error to the Circuit Court of the United States for the county of Washington, in the District of Columbia.

Mr. Brent, for the defendants in error, moved for a writ of certiorari to the Clerk of the Circuit Court of the County of Washington, on the allegation of a diminution of the record of the cause in that Court. The clerk had, by a misprision, made an error in not entering the judgment according to the declaration.

Coxe, for the plaintiff in error, objected to the allowance of the motion. The case came up to the last term of this Court; and it is now too late to issue the certiorari asked for. The error cannot be

amended without an application to the Circuit Court for authority to make the amendment. The clerk cannot therefore send up an amended record.

Mr. Brent.—In a writ of error in the King's Bench in England, amendments of the record can be made after the writ issued. He cited 5 Burrow, 2730. 2 Strange, 908.

The Court allowed the amendment to be made in this Court. The case as stated, in the opinion of the Court, was as follows.

"An action of ejectment was commenced by the defendants in error against the plaintiffs, to recover possession of the eastern half of lot numbered 2, in square numbered 348, in the city of Washington. Several distinct demises were laid in the declaration, of different dates and for different periods of time.

"One of the demises was in the name of Jane Stinger, while she was single, but now Sarah Jane Brown, wife of the said James Brown; and another in the names of James Brown and Sarah Jane Brown, his wife.

"The general issue was pleaded, and the jury found a general verdict of guilty.

"On the trial the plaintiffs proved, that up to the 22d Nov., 1834, the defendant was the tenant of Sarah Jane Stinger, who intermarried with the plaintiff Brown in the fall of the year 1835. That after November, 1834, he refused to pay rent, and claimed to hold possession of the premises as tenant of the Bank of the United States. That at the time the premises were rented to the defendant the said Sarah Jane was seized and possessed of the same in fee simple. And that about the time of his refusal to pay rent, notice was given to the defendant to quit; and also afterwards, in January, 1835.

"Upon this evidence the plaintiffs rested their case; and the defendant's counsel moved the Court to instruct the jury, that they were not entitled to recover on the evidence, which instruction the Court refused to give; and the defendant excepted to this opinion of the Court.

"And the defendant proved, that the deputy marshal, having a writ of habere facias possessionem against the defendant for the west half of said lot, but supposing the writ to be for the east half, of which the defendant was in possession, he was required by the deputy marshal to surrender the possession of the east half of the lot to the agent of the Bank of the United States; and he did surrender the possession to him, and the defendant agreed to hold possession under the bank. But the Court overruled this evidence, to which opinion of the Court the defendant also excepted."

The writ of error was prosecuted by the defendant in the Circuit Court.

The case was argued by Coxe for the plaintiff in error, and by Messrs. Brent and Brent for the defendants.

The counsel for the plaintiff in error presented two questions for the consideration of the Court on the first bill of exceptions.

[Woodward vs. Brown and wife.]

1st. Whether in case of a tenancy from month to month, where the tenant held over after the expiration of the tenancy, and continued so to hold without paying rent for a period of fourteen months, the notice to quit at the expiration of the ensuing month be sufficient.

2d. Whether such notice as is set forth in the bill of exceptions, by an agent whose appointment is merely oral, and the notice verbal, is sufficient.

On the second bill of exceptions, the plaintiffs' counsel objected to the ruling of the Circuit Court, by which the objection of the defendants in that Court to evidence offered by the plaintiff was refused.

The defendant, to sustain the issue on his part, produced a competent witness, who testified that, on the 22d day of November, 1834, he, as the deputy marshal of this district, went to the premises mentioned in the said declaration, then in the occupancy of the said defendant, with a writ of habere facias possessionem against the said defendant, in company with W. W. Corcoran, the agent of the Bank of the United States, named as the lessor of the plaintiff in said writ, and which was supposed by the said parties to comprehend, but did not in fact comprehend, the premises mentioned in the declaration; that it was then and there represented to the defendant by the said agent and the marshal, that the latter had such a writ for said premises, and the said defendant, supposing it to be such a writ as represented, voluntarily and peaceably surrendered the possession of said premises to the said agent of the said bank, who endorsed upon the said writ an acknowledgment of the delivery of the possession of the said lot and premises therein described to him as such agent; and afterwards, on the same day, the said defendant entered into an agreement to hold the said premises, in the declaration mentioned, as the tenant of the said Bank of the United States; and the defendant then offered further to prove, that he, the said defendant, from the 22d November, 1834, held, and still holds, possession of the said premises, under the said agreement last named, and that the said Bank of the United States then had, and now has, a good and lawful legal title to the said premises: to the admission of the said testimony, so offered to be given as aforesaid, the plaintiff, by his counsel, objected, and the Court sustained the objection, and refused to permit such testimony to be given.

Messrs. Brent and Brent, for the defendants in error, contended:

1. That the possession of the premises, claiming to hold in fee simple, by the plaintiffs, is prima facie evidence of a fee. Ricard vs. Williams, 5 Cond. Rep. 238. The bill of exceptions shows the possession of the plaintiffs below, and that they held in fee.

2. Notice to quit is not necessary, when the tenant disclaims. Catlin vs. Washburn, 3 Vermont Rep. 25. Jackson vs. Wheeler, 6 John. 272. Jackson vs. M'Leod, 12 John. 182. Cowper, 621. Buller, N. P. 96. 1 Wheaton's Selwyn, 585. 5 American Com-

mon Law Cases, 43, 44.  3 Peters, 45.   But if, in a case like this, notice to quit is necessary, it was given.

3. The defendant, now the plaintiff in error, being tenant, could not dispute the title of his landlord.  Jackson *vs.* M'Leod, 12 John. 182. 3 John. 223. 504.   Blight's lessee *vs.* Rochester, 5 Cond. Rep. 339.   Willison *vs.* Watkins, 3 Peters, 47.   5 American Com. Law Rep. 41, 42.  1 Wheaton's Selwyn, 566, 567.

4. The plaintiff in error cannot, by a constructive ouster and attornment, set up an adverse title; and if he could, the attornment, through mistake, is void.  Love *vs.* Dennis, 1 Harper's S. C. Rep. 70. 1 Marshall, 558.  6 Taunton Rep. 206.  8 Serg. & Lowber, 237. 239.  9 Serg. & Lowber, 10.  13 Serg. & Lowber, 58, 59.  3 Peters', 43.   Wilkins *vs.* Mayor & Co. 6 Harris & Johnson, 533.  1 Term. Rep. 760.  3 T. R. 14.  9 T. R. 62.  2 Starkie on Evidence, 532.

5. The Bank of the United States cannot be received in this case to defend the title of the tenant to the plaintiff, in the Circuit Court. 1 Chitty's Plead. 134.  3 Com. Dig. 579. 582.  4 Maul & Selwyn, 347.

6. The demise by Brown and wife is well laid. 2 Chitty's Pleading, 878, note T.

Mr. Justice M'LEAN delivered the opinion of the Court.   After stating the case :—

The counsel for the plaintiffs contend, that the ruling of the Court was erroneous, and that the declaration is essentially defective.

It appears from the bill of exceptions, that the plaintiffs not only proved title, but also that the defendant entered into the possession of the premises under their title, as tenant.  These facts being proved, the Court very properly refused to instruct the jury, as stated in the first bill of exceptions, that the plaintiffs were not entitled to recover.

And there is no doubt that the Court properly excluded the evidence stated in the second bill of exceptions.

The writ of possession, which is admitted to have been issued in pursuance of the judgment, did not call for the east half of the lot, of which the defendant was in possession, and the marshal had no right to change his possession of this lot.  And the attornment to the agent of the bank was voluntary, and without authority.  The well established principle, therefore, that a tenant shall not be permitted to dispute his landlord's title, excludes the defendant from setting up the title of the bank.

The objection as to the sufficiency of the notice to the defendant cannot be sustained.  He had disclaimed his landlord's title and attorned to the bank.  Under such circumstances he was not entitled to notice. 3 Peters', 48.  1 Wheat. Selwyn, 585.  But if notice to quit had been necessary, it was given; and, as appears from the bill of exceptions, all objection to its "sufficiency and legality" was waived by the defendant.

The declaration, it is insisted, is defective in several particulars.

[Woodward vs. Brown and wife.]

That the demises are inconsistent, and that the ouster is alleged two years before the last demise.

On the part of the plaintiff it is intimated, that as the case is brought up on bills of exceptions, the defects in the declaration are not before the Court for consideration. The assignment of errors is not limited to the bills of exceptions, but may embrace any errors which appear on the face of the record.

The last demise is stated to have been made in eighteen hundred and thirty-six, and the ouster alleged, "by virtue of which said several demises, the said Richard entered into all and singular the premises aforesaid, with the appurtenances thereunto belonging, and was thereof possessed; and the said Richard being so thereof possessed, the said John Doe afterwards, to wit, on the twenty-fourth day of November, in the year of our Lord one thousand eight hundred and thirty-four, with force and arms," &c.

The day of the ouster need not be alleged, and it is sufficient if laid after the demise. 2 Chitt. 881. 1 Wheaton's Selwyn, 590.

In this declaration it is averred, that the plaintiff entered under the said several demises, and being in possession, the said John Doe afterwards, to wit, on, &c. The specific date under a videlicet was unnecessary, and may be rejected as surplusage; it sufficiently appearing on the face of the declaration, that the ouster was after the entry under the several demises.

There is no repugnancy in the several demises laid: one, in the name of Jane Stinger, was before the marriage, and the last demise being subsequent to the marriage, it is well laid in the names of the husband and wife. The rule is well established, that where the right of entry is by virtue of the title of the wife, the demise may be laid in the name of the husband, or in the names of both husband and wife. 2 Chitt. 878.

It is not perceived how the demises as laid in this declaration, can prejudice the rights of the defendant in an action for the mesne profits. They will enable the lessor of the plaintiff to recover the profits from the time the defendant refused to pay the rent, and this he is entitled to. Upon the whole, we think there is no error in the proceedings of the Circuit Court, and the judgment is therefore affirmed with costs.