ROBERT HUDGINS ET AL. APPELLANTS, *v.* WYNDHAM KEMP, ASSIGNEE IN BANKRUPTCY OF JOHN L. HUDGINS. ELLIOTT W. HUDGINS ET AL. APPELLANTS, *v.* WYNDHAM KEMP, ASSIGNEE IN BANKRUPTCY OF JOHN L. HUDGINS.

Where the record, certified by the clerk of the circuit court, states that an appeal from a decree in chancery was taken in open court, no evidence *dehors* the record can be received to impeach its verity, on a motion to dismiss the appeal for want of jurisdiction upon the ground that the case has not been regularly brought up.

If the record is defective, the errors can be corrected in several modes.

Hudgins et al. *v.* Kemp, Assignee, &c.

The distinction pointed out between appeals which operate as a *supersedeas* and those which do not.

If the evidence offered were received, it would not furnish a sufficient reason for dismissing the appeal.

The appeal being taken orally in open court, an omission of the clerk to enter it in the order book, could not devest the party of the enjoyment of his legal right to appeal.

The mode of removing a case from an inferior to an appellate court is regulated by acts of congress, and does not depend on the laws or practice of the State, in which the court may happen to be held.

An appeal bond may be approved of by the judge out of court.

These two cases were appeals from the circuit court of the United States for the eastern district of Virginia. Being exactly alike, it will only be necessary to state the first.

A motion was made to dismiss the first case upon the following grounds, and was argued by *Mr. Robinson*, and *Mr. Pallon* in support thereof, and opposed by *Mr. Johnson* and *Mr. Lyons*.

The counsel for the motion filed the following certificate :—

I, Philip Mayo, clerk of the United States court for the fourth circuit and eastern district of Virginia, do certify that, in a suit in chancery in the said court between Wyndham Kemp, assignee in bankruptcy of John L. Hudgins, a bankrupt plaintiff, and Elliott W. Hudgins and John L. Hudgins, defendants, a final decree was rendered on the twenty-seventh day of June 1855; that the term of the court at which the same was rendered, ended on the twenty-eighth day of that month; that afterwards in the vacation of the said court, to wit, on the 16th of October, 1855, there was filed in my office, a writing under the hand of R. B. Taney, judge of the said court, bearing date on the thirteenth of that month, whereby it was " ordered that the appeal in this case, which was taken in open court when the decree was pronounced, be entered accordingly on the order book of the court of the last term, to wit: of May term, 1855 ;" that in view of this order, the clerk on its being so filed wrote on the order book of the court, at the foot of the decree of the 27th of June, 1855, the following words : " And from the foregoing decree the defendants prayed an appeal, which was granted them on giving bond and security to be approved by the court in double the amount of said decree, conditioned for their prosecuting the said appeal ;" and that at the time of filing the said vacation order of the judge, there was also filed in the clerk's office, bond and security approved by the said judge in double the amount of said decree, conditioned for their prosecuting the said appeal. Given under my hand this 21st day of April, 1856.

P. Mayo, Clerk.

And then made the following points for dismissal:—

I. It cannot take jurisdiction of the appeals as having been allowed by the court, when the record as it stood at the end of the term, and as it was then signed by the presiding judge, shows no allowance of such appeals. In Burch, &c. *v.* White, 3 Rand. 104, cited in 1 Rob. Pract. 642, (old edit.,) it appeared that at the preceding term the appeal was prayed and bond and security then given; but the clerk of the court had omitted to enter on the records thereof the appeal so granted. The supreme court of appeals of Virginia decided that this omission could not be remedied by an amendment of the record made after the term had ended; and the appeal was therefore dismissed. Though the appeal bond was filed with the clerk, it was considered there was nothing in the record to amend by. *A fortiori,* it must be so in these cases, when no appeal bond was given during the term; and there was nothing whatever to amend by.

II. If the appeal had been duly allowed, the appeal bond has not been properly given.

Under the act of congress of March 3, 1803, (2 Story, 905,) appeals are " subject to the same rules, regulations, and restrictions as are prescribed in law in cases of writs of error." One of the rules as to a writ of error is, that it "shall be a *supersedeas* and stay execution in cases only where the writ of error is served, by a' copy thereof being lodged for the adverse party in the clerk's office, where the record remains, within ten days, Sundays exclusive, after rendering the judgment or passing the decree complained of." 1 Story, 61, § 23; Wallen *v.* Williams, 7 Cranch, 278. Now it is well established that an appeal in chancery cannot operate as a *supersedeas,* unless the appeal be perfected by giving an appeal bond within the ten days. Adams, &c. *v.* Law, 16 How. 148. And it is clear that we are entitled to process to carry these decrees into effect. S. C. 17 How. 417. But perhaps it may be said that in other cases—in cases where there is no *supersedeas*—the mode of taking the security, and the bond for perfecting it, are matters of discretion to be regulated by the court granting the appeal; and that when its order is complied with, the whole has relation back to the time when the appeal was prayed. The Dos Hermanos, 10 Wheat. 306. Still, if we are to take the regulation of the court granting the appeal from its order on the record book of the court, even as it now appears, since the alteration of the record, that order has not been complied with; for according to that order, the appeal was granted on giving bond and security, to be approved by the court, and the bond and security given have not been approved by the court in term, but only by the judge in vacation.

III. If the appeals could be allowed in vacation, and could in these cases be regarded as so allowed, still, the appeals would be defective for want of citation and notice. *Ex parte* Crenshaw, 15 Pet. 119; Villabolos *v.* United States, 6 How. 90; Hogan *v.* Ross, 9 Ib. 602.

The propriety of the rules above insisted on, is strikingly illustrated by what in fact took place in these cases; for here the assignee, immediately after the term was ended, procured copies of the decrees; there was nothing either in these copies or in the record itself to inform him of there being appeals, no such information was afterwards obtained by means of citation or notice, and he proceeded to make sale according to the decrees.

The counsel, in opposition to the motion to dismiss, filed the following certificates:—

I, P. Mayo, clerk of the United States court for the fourth circuit and eastern district of Virginia, hereby certify that in the case of Wyndnam Kemp, assignee in bankruptcy of John L. Hudgins, against Robert Hudgins, John L. Hudgins, Elliott W. Hudgins, and Albert G. Hudgins, lately decided in the said court, an appeal was granted the defendants from the decree entered against them on the 27th of June, 1855, and that their said appeal was entered among the minutes of the proceedings of that day, but was omitted to be entered in the order book, by the inadvertence of the clerk; but was subsequently entered therein, as of the date when entered in the minutes; by the order of Chief Justice Taney, to wit, Wednesday, June 27, 1855.

Given under my hand this 23d day of April, 1856.

P. MAYO, Clerk.

---

Filed, 2d May.

## Nos. 239 and 240.

In the clerk's office of the circuit court of the United States for the fourth circuit and eastern district of Virginia.

I, P. Mayo, clerk of the circuit court of the United States for the fourth circuit and eastern district of Virginia do hereby certify that the term of the said circuit court at which the cases of Kemp, assignee *v.* Hudgins were decided, adjourned the next day after the decrees in those cases were entered, until the next term of the court, and that the district judge, the Hon. James D. Halyburton, had previously declined to sit in those cases because

he was a party interested in them. And I do further certify that the bonds, required to be given on the appeals granted in those cases, were filed in this office on the 16th day of October 1855.

Given under my hand this 29th day of April, 1856.

P. MAYO, Clerk.

Filed, 2d May.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case has been brought up to this court by appeal from the decree of the circuit court of the United States, from the district of Virginia; and a motion is made on behalf of the appellee to dismiss it, upon the ground that it has not been removed in the manner the law requires, and that therefore we have no jurisdiction over it. And certificates and statements of the clerk, outside of the record, and given since it was certified and transmitted to this court, have been filed as evidence of the irregularity of the removal.

This evidence is not admissible upon the present motion. The record transmitted to this court, certified by the clerk of the circuit court, states that the appeal was taken in open court. This is sufficient evidence of that fact. And upon a motion to dismiss, as well as on the hearing on the merits, no evidence *dehors* the record, as certified and returned by the clerk of the circuit court, can be received here to impeach its verity, or to show that the certificate ought not to have been given. The case, as therein set forth, is the case before this court. And if from inadvertence or mistake of the clerk of the court below, or from any other cause, the record transmitted in this case is defective or incorrect, the errors or omissions should have been suggested in this court, and a *certiorari* moved to bring up a correct and true transcript of the proceedings.

It is true an amendment may be made here by consent, as was done in the case of Fletcher *v.* Peck, 6 Cranch, 87. And so also, where it appeared by the certificate of the clerk that he had committed a clerical error in the transcript, in the form in which he had entered a judgment, in ejectment, and it was evident, from the declaration, that it was a mere clerical error, the court suffered it to be amended here, without sending a *certiorari* to the circuit court to have it corrected. Woodward *v.* Brown, 13 Pet. 1.

But in the case before us, there is no consent to amend, and the errors alleged are of a very different character, from the mere formal error in the case of Woodward *v.* Brown. And if it were otherwise, still, there should have been a motion to amend, by inserting in the transcript the certificates above mentioned of the

clerk, before the motion was made to dismiss. But no such motion has been made, and the transcript now before the court is the one originally certified, without any amendment here by consent or by order of the court. And the motion is made to dismiss the case, not for any irregularity apparent in the record, but by testimony *aliunde*, offered to show that the transcript is incorrect. It is very clear that such testimony cannot be received to support this motion. And the record, as it stands when the motion is heard, presents the case which this court is called upon to decide; and nothing outside of it can be introduced to affect the decision.

Neither is it of any importance as concerns this motion whether the appeal does or does not operate as a *supersedeas*. A writ of error or appeal does not operate as a *supersedeas* under the act of congress, unless security is given sufficient to cover the amount recovered within ten days after the judgment or decree is rendered. But yet, if the party does not give the bond within the ten days, he may, nevertheless, sue out his writ of error or take his appeal, as the case may be, at any time within five years from the date of the decree or judgment, upon giving security sufficient to cover the costs that may be awarded against him in the appellate court. And his omission to give the security in ten days is no ground for dismissing the appeal.

In this case, certainly, the appeal did not operate as a *supersedeas*. The security was given and approved long after the time limited by the act of congress. Nor was any *supersedeas* moved for, or awarded by the circuit court, or the judge of the supreme court, who approved the bonds. Nor could any have been awarded by any court or judge. And, upon the expiration of the ten days, the plaintiff had a right to proceed on his decree and carry it into execution, notwithstanding the pendency of the appeal in this court.

But if a *supersedeas* had been awarded, this motion could not be sustained. The motion should have been to discharge the order, not to dismiss the appeal. And the propriety or impropriety of an order granting a *supersedeas* could not be considered on a motion to dismiss. The order for the *supersedeas* might be discharged, and the appeal still maintained.

The decision of these points dispose of the motion. But in order to avoid any further controversy on the subject, it is proper to add that if the facts offered in evidence were inserted in the record, they would furnish no ground for dismissing the appeal. They are substantially as follows :—

The district judge had an interest in the issue of the case, and withdrew from the bench, and the chief justice of the supreme court sat alone at the trial. The decree was passed on the 27th

of June, 1855, and the appellant on the same day, in open court, appealed to this court, and his appeal was entered by the clerk among the minutes of the proceedings of that day, by order of the court; and on the next day, June 28, the court closed its session, and adjourned to the next term.

It is the practice in the state courts of Virginia, for the clerk to make written minutes of the proceedings in court as they occur during the day; and after the court adjourns for the day, they are all written out in full in what is called the order book, and presented to the court when it meets next morning, and read; and if found to be correct, is signed by the presiding judge, as evidence that the proceedings are therein correctly stated. This practice has been followed by the circuit court of the United States when sitting in Virginia; and according to this practice, it seems the clerk supposed that the appeal ought to have been entered in the order book, but omitted it through inadvertence; and did not discover the omission until after the term had closed. The fact was brought to the attention of the chief justice, by a certificate from the clerk, when the appeal bonds were presented for approval, which was in October, 1855; and when he approved the bonds, he at the same time sent a written direction to the clerk to enter the appeal in the order book, as having been made in open court; and as of the day when it was actually made and entered in the minutes. It may be proper to say, that the penalty of the appeal bond presented for approval was much larger than necessary; because, as the appeal could not then operate as a *supersedeas*, the act of congress required such security only as would cover the costs of the appellee in case the decree should be affirmed. But it certainly could be no ground of objection when the bond was offered for approval, that the penalty was larger than it need have been.

These are the material facts, as they appear in the certificates of the clerk, produced and relied on in the argument. And the appellees contend that the order book is the only record of the proceedings of the court; that this record could not lawfully be amended by the order of the judge after the term was over; that the entry of the appeal made by his direction, is not legally a record; and that as there is no record of an appeal in open court on the 27th of June, 1855, the clerk had no legal authority for certifying that such an appeal was made; that his certificate on that account is erroneous; and the case, therefore, is not removed to, and is not in this court, according to law.

The counsel for the appellee, in support of these objections, has referred to a decision of the court of appeals of Virginia, and to the practice in the courts of that State in cases of appeal. The answer, however, to this argument is obvious. The power

of making amendments, and the mode of removing a case from an inferior to an appellate court of the United States, are regulated by acts of congress, and do not depend upon the laws or practice of the State in which the court may happen to be held. The decisions or practice of the courts of Virginia, cannot therefore have any influence in deciding the motion before us.

Neither is it necessary to inquire, whether the entry made in the order book is to be regarded as a part of the record—or merely a memorandum to preserve the history of the case, by entering the appeal in the book where it is usually found, and would naturally be looked for by the party interested. In either view this entry was not necessary to give validity to the appeal. In making the appeal, the party exercised a legal right. It was made in open court, and the clerk had official knowledge of the fact. And it would have been his duty, even if no written memorandum of it had been made, to certify it to this court, when the security was approved by the judge and the appeal allowed. And his certificate of the fact is all that is required in the appellate tribunal. He does not certify it as a copy from the record. The appeal is made orally, and the entry usually made on the minutes or in the order book, is to preserve the evidence of the act, and is not necessary to give it validity.

The act of congress does not require an appeal to be made in open court—or to be in writing—or entered on the minutes of the court—or to be recorded. It is often made before a judge in vacation, when it cannot be recorded in the order book as a part of the proceedings of the court. And the law makes no difference, as to the form in which it is to be made, whether it be taken in court or out of court before a judge. In either case it may be made orally or in writing. And the only difference is, that this court has decided that where the appeal is made in open court, during the term at which the decree is passed, no citation is necessary to the adverse party. He is presumed to be in court, and therefore to have notice. But when the appeal is taken out of court, the citation is necessary to give him notice. In all other respects the same rules apply to either mode of taking an appeal. Reilly v. Lamar, 2 Cranch, 344; Yestor v. Lenox, 7 Pet. 220.

The act of March 3, 1803, which authorizes the appeals, provides that they shall be subject to the same rules, regulations, and restrictions as are prescribed by law in cases of writs of error. And in the case of Innerarity v. Byrne, 5 How. 295, where the record transmitted to this court did not show that a citation had been issued and served, it was held to be no ground for dismissing the case, and that the fact might be proved *aliunde*. It is not necessary that all of the steps required to give

this court jurisdiction should even be on file in the court below, and certainly need not appear to be of record in that court. Masten *v.* Hunter, 1 Wheat. 304.

We think it evident, therefore, that the want of record evidence in the circuit court that the appeal was prayed, would be no ground of dismissal; and the certificate of the clerk that it was so prayed, is all that is required in this court.

The objection that the entry on the minutes, and also in the order book, required that the bond should be approved by the court, and that the approval by the judge out of court is therefore not sufficient, is equally untenable.

No copy of the order of the judge directing the entry in the order book has been produced. But the clerk states in his certificate that the order directed him to enter the appeal as of the day on which the decree passed; and without doubt he states it correctly. And in executing that order he appears to have followed the form he had adopted in his entry on the minutes. The same form may perhaps be used in other circuits, and is in some cases probably borrowed from the formulas used in like cases in the state courts. But the appellant had legal rights, and he cannot be deprived of them by any irregularity in a clerical entry. Strictly speaking, nothing ought to have been entered either in the minutes or on the order book as of the day the decree was passed, except the appeal *itself.* And this, indeed, would appear to have been all the judge ordered. For the appeal could not have been allowed on that day, because an order of a court, or a judge allowing an appeal, is in effect nothing more than an order to send the transcript of the record to the appellate court. It is the clerk's authority for making the return to the superior court. And that order could not be legally given until the security required by law was offered and approved. But, when the appeal was taken, the approval of the court could not be made the only condition upon which it should be allowed. He had a right by law to carry up his appeal, if the security he offered was approved by the judge, out of court, in vacation; and no entry of the clerk, and indeed no order of the court, could deprive him of this right. Neither could the amount of the security be then prescribed. For he had a right to produce his security within the ten days, if he desired to do so, and thereby supersede the judgment, until the decision of this court was had in the premises. And in order to obtain the *supersedeas*, the law requires that the security given shall be sufficient to cover the whole amount of the sum recovered against him. But, if he preferred carrying up his case without superseding, the law does not exact security to the amount recovered. Security is required in that case for no greater amount than will cover the

costs that may be recovered against him in the superior court. Such were the legal rights of the appellant when he made his appeal; and he cannot be deprived of them by the form adopted by the clerk in entering it. The approval of the security by the judge, as it appears in the certificates offered in evidence, is sufficient, and the objection that it was not approved by the court cannot be maintained.

Upon the whole, we see no ground for dismissing the appeal; and the motion to dismiss is overruled.