SHAW and Another *v.* BINKARD.

SHAW
v.
BINKARD.

10   227
145   645

An agreement between the principal maker and the payee of a promissory note, without the consent of the surety, to extend the time of payment, in consideration of usurious interest, does not discharge the surety.

In a suit upon promissory notes, an answer admitting the execution as surety, setting up payment as to part, and a discharge as to the balance, by an agreement between the principal and the creditor for an extension of time for a valid consideration paid to the latter, without the consent of the surety,—is good on demurrer.

Judgment by default may be taken against a defendant properly served with process; and where an entry of default was not made, it is amendable in the Court below, and on appeal, the amendment will be presumed to have been made.

A motion for leave to amend after the evidence has been heard is addressed to the discretion of the Court, and where neither the evidence nor the proposed amendment are in the record, this Court cannot say that the Court below has abused its discretion.

APPEAL from the *Wabash* Court of Common Pleas.

*Friday,
May* 28.

HANNA, J.—The appellee sued the appellants on two promissory notes, one due *July* 31st, and the other, *December* 23d, 1853. One of the defendants, *John S. Shaw,* did not appear; the other, *Benjamin T. Shaw,* filed his answer, containing five paragraphs, and certain interrogatories to the plaintiff.

There was a demurrer to the first, second, third and fifth paragraphs of the answer, which was sustained.

Judgment was rendered, on motion of plaintiff, against *John* "for failing to answer or demur as required by the rules of this Court," as appears by the record.

The appellants insist that these rulings of the Court are erroneous.

The first paragraph of the answer alleges that said *Benjamin* executed the notes as surety only, *John* being principal; and that on the first of *March,* 1854, the plaintiff, without the knowledge or consent of the said defendant, agreed with said *John* to extend the time for the payment of said notes for three months from the time said notes became due, in consideration that said *John* would pay said plaintiff the sum of 12 dollars, which he then did, for said forbearance.

The second paragraph sets up a similar agreement made on the first of *June*, 1854, for three months from the expiration of the former term, mentioned in the first paragraph.

The third sets up a similar agreement, alleged to have been made on the 15th of *February*, 1854, to extend the time of payment for three months from the time the notes were, on their face, due, in consideration that said *John* would pay said plaintiff interest at the rate of twelve and one-half per cent. per annum, in advance, which he did; and that said plaintiff well knew said *Benjamin* was surety only on said notes.

Is an agreement of forbearance, made by a creditor with his principal debtor, in consideration of the reception of usurious interest, a discharge of the surety?

In the case of *Harbert* v. *Dumont*, 3 Ind. R. 348, which was an action on joint and several promissory notes, a part of the defendants, by their fourth plea, set up that the plaintiff, in consideration of various usurious agreements (which are described), gave the principal (they being sureties only) further time for payment without their consent, &c. The replication was, that further time was not given as alleged; and Judge BLACKFORD, in the opinion, says: " The materiality of that issue depends upon two questions; first, whether the consideration for the agreements to give time was valid; and if so, then, secondly, whether the giving of the time discharged the sureties."

The Court in that case decided that the consideration for the agreements to forbear was valid, although usurious; because by the statute of 1845, which was in force when the agreements were made, the plaintiff had a right to retain the interest, and the receipt of the same was a benefit to him. It is further decided, in the same case, that a valid agreement not to sue for the debt for a limited time, made by a creditor with his principal debtor, discharges his surety. See, also, 10 Curtis's R. 104; 7 *id.* 353; 6 Peters, 250; 12 Wheaton, 554; 6 Ind. R. 134.

The statutes in force when the agreements set up in the answer in this case were made, fix the rate of interest at six per cent. per annum; make the contract valid as to the

May Term,
1858.

SHAW
v.
BINKARD.

principal, but invalid in case a reservation of usurious interest is contracted for, as to that interest; give authority to the person paying, &c., to recover such interest; and make the receiving, &c., of usurious interest an offense punishable by fine. It follows that a contract, by note, for a greater rate of interest than six per cent. per annum, is, as to the interest, illegal, not binding, and it cannot be enforced.

The various contracts to extend the time of payment, as set up in the answer in this case, being based upon the reception of usurious interest, which the debtor had the right, by statute, to sue for and recover, we conceive that such agreements were not binding, effectual and operative in point of law. Story on Promissory Notes, § 413.—Burge on Suretyship, p. 204.—1 Comstock, 286.—1 Parsons on Contracts, p. 513, note *y*. The first authority cited is to the effect that the agreement must be " one founded upon a valuable consideration, and operative in point of law." The next authority is that the creditor must, " by some valid and effectual engagement, deprive himself of the power of suing the principal." Again, " in all these cases, time so given must be by contract which is binding."

In the case of *Vilas & Bacon* v. *Jones & Piercy*, 1 Comstock, referred to, the Court of Appeals of *New York* decided directly, that an agreement between the principal and the creditor, without the consent of the surety, to extend the time of payment, did not discharge the surety, the consideration for the agreement being the payment of usurious interest. Judge BRONSON says, "I think it impossible to maintain that either the promise or the payment of usury, is a good consideration for a promise by the creditor to give time. It is no consideration at all. The creditor gets no benefit, and the debtor suffers no damage." It is true that, in *New York*, such contracts were, by statute, void; but we are not, so far as this question is affected by the statutes, able to see any distinction between that case and this. There, the contract was void, and, therefore, of no binding efficacy. Here, the reception or reservation of the usurious interest is an illegal act, and so far from

being binding, it is inoperative, for the reason that it is expressly provided by statute, that such interest may be recovered by the person, &c., who may have paid it, with damages.    And although our statute so far differs from that of *New York*, as to permit the usurer to recover his principal, that recovery is without costs or interest.    It, in effect, refuses him the right to enforce his agreement, but permits him to recover the actual amount paid out, as if it was so paid for the use of another.

The demurrer was properly sustained to the first, second and third paragraphs of the answer.

The fifth paragraph of the answer professes to answer the whole complaint, by admitting the execution of the notes as surety, only, as alleged, and avers payment of the same by said *John*, except the sum of 350 dollars, and as to that sum, that the plaintiff and the said *John*, in consideration of a certain sum of money then paid to said plaintiff, by said *John*, and without the privity or consent of said *Benjamin*, in *February*, 1854, entered into, and became bound by, a new contract to extend the time for the payment of said debt to a time agreed upon, the exact terms and consideration of which contract were not known to the defendant, but were to the plaintiff.    There was no other answer filed, under which payment could be given in evidence.    Is this a good answer to the whole, or any part of the complaint?

It is urged that this paragraph of the answer is too uncertain and indefinite, and, therefore, the demurrer was properly sustained.    It admits the execution of the notes; and as to a part, alleges payment; and as to the balance, attempts to plead a discharge, or such acts by the creditor as estop him from seeking a recovery from the said defendant.    But should it set out the terms of the new contract, by which time was given to the principal?

We think it states substantially a good defense.    It states there was a consideration paid by the principal to the plaintiff.    We will not presume that consideration to have been illegal.    If it was satisfactory to the plaintiff, and upon its reception, and in consequence thereof, for-

bearance was given to the principal, without the knowl-
edge or consent of the surety, he would be discharged.
The question is, does the answer show the "existence of
such a contract for delay as, if violated, would give the
principal debtor a right of action." 6 Ind. R. 134. That
the agreement was made after the notes became due, can-
not change the rights of the surety. That the answer
does not allege the precise time which the plaintiff was to
forbear, is not a substantial defect in the pleading; he
agreed to extend the time of debts already over due, to a
period agreed upon.

The exception taken to the ruling of the Court, in strik-
ing out a portion of the interrogatories filed with the
answer, is considered as waived under the 28th rule of this
Court, no point having been made thereon in any of the
briefs filed by counsel.

The next question presented, is as to the correctness of
the proceedings of the Common Pleas Court, in rendering
judgment against the defendant, who did not appear. He
had been properly served with process, and a judgment by
default might have been taken against him. 8 Ind. R.
369. If a formal entry of default was not made, it was
amendable in the Court below, and will be regarded as
amended here. *Id.*

The last point raised is, that the Court refused to permit
the defendant, *Benjamin*, to file an additional paragraph
to his answer. The motion for leave to do so was made
after the evidence was heard. The evidence is not in the
record; nor is the paragraph proposed to be filed, properly
there. It is true, the clerk includes what he calls the para-
graph; but it is not contained in a bill of exceptions, as it
should be to form a part of the record. This was a dis-
cretionary matter with the Court; and unless the record
contained the evidence, and the answer proposed to be filed,
this Court could not say whether the ruling was a sound
exercise of legal discretion, or an abuse thereof.

For the error in sustaining the demurrer to the fifth par-
agraph of the answer, the judgment must be reversed for
further proceedings, in conformity with this opinion.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded. &c.

*H. C. Newcomb, J. S. Harvey* and *J. H. Matlock*, for the appellants.

*H. P. Biddle*, for the appellee.