## DOANE et al. *v.* GLENN et al.

PRACTICE — *amending record after judgment — upon whom to serve notice.* Where an order allowing a bill of exceptions to be filed in vacation was omitted from the record, notice of an application to amend the record in that particular may be served upon the attorneys who appeared for the opposing party at the trial of the cause.

AMENDMENT OF RECORD *at a subsequent term.* Where an order allowing a bill of exceptions to be filed in vacation was omitted from the record by mistake of the clerk, the court may, at a subsequent term, allow the record to be amended by inserting such order *nunc pro tunc.*

*Error to District Court, Arapahoe County.*

UPON motion to strike the bill of exceptions from the record.

Messrs. FRANCE & ROGERS, in support of the motion.

Messrs. CHARLES & ELBERT, *contra.*

BELFORD, J. The defendants in error move to strike from the record the bill of exceptions, and rest the motion on two grounds.

It appears that at the June term of the district court the judgment in this case was entered up. The plaintiffs in error were allowed thirty days to prepare a record and file bond, and sixty days to settle their bill of exceptions. By the inadvertence of the clerk the order made by the judge in reference to filing the bill of exceptions was omitted from the record. This order was made at the last hour of the last session of the term, and the omission was not discovered until some weeks after. At the ensuing term of the court the plaintiffs in error, having given notice to the at-

torneys of the defendants, made their application to the court to have this omission supplied. This application was founded upon affidavit of Doane's attorneys, which set up the facts that the order had been made by the judge and omitted from the record by the clerk. The judge, acting on his own recollection of what had occurred, together with what appeared from the affidavits, allowed the omission to be supplied.

It is claimed by defendant's counsel that the notice above referred to was insufficient because the same was served on the attorneys and not on the parties. That final judgment having been entered at the July term, their connection with the case by operation of law had ceased, and that the amendment of the record must be regarded as having been made without notice, and therefore not valid or binding.

We find ourselves unable to sanction this claim. It is a noticeable fact that the same counsel who appeared for the defendants below appear for them here. There seems to be no breach in the line or continuity of employment.

While it is generally true that the power of the attorney, under his general warrant, expires when judgment is rendered, yet it is equally true that the power of the attorney will be retained even after the entry of final judgment on the record, and beyond the purpose of merely superintending the execution of the same. If a writ of error be brought against his client, it has long been the practice to require that he should be served with notice. 2 Sel. Pr. 365. So the entering of final judgment by the defendant's attorney may be irregular. What objection is there in such case to serving him with notice of a motion to set it aside, and to call upon him to defend and make it good? It is his business at least to see that a regular judgment in favor of his client should be perfected and sustained when the court has awarded in his favor. Having conducted the suit, he is best able to resist all attacks upon the judgment. Indeed, his own regularity is generally drawn in question by the proceeding. For a similar reason he is the proper person to be served with notice when the judgment or any

other proceeding in which he has participated is sought to be set aside or questioned on the ground of merits, as is done in this case. We think that the case of *Lusk* v. *Hastings*, 1 Hill, 656, is decisive of this point; and if it were not we would still be induced to hold that the duty of an attorney does not cease to his client so long as the judgment obtained by him is menaced by further judicial action.

It is next objected that the court could not, at a subsequent term, amend its records.

In *Alhers* v. *Whitney*, 1 Story, 310, Mr. Justice STORY says: "It is plain that at the common law no judgment was amendable after the term at which it was entered; and amendments could be made in the process, pleadings and proceedings only while the cause stood in paper, and before judgment. The authority to amend then, even in England, in cases of this sort, is dependent upon, and limited by, statute. Mr. Tidd has laid this down as the clear doctrine of the courts in all cases of ordinary suits in English courts of practice. Judgments and records are there never allowed to be amended except, in the first place, where the case is within the reach of some statute, or, in the next place, when there is something to amend by; that is, when there is some memorial, paper or other minute of the transactions in the case from which what actually took place in the prior proceedings can be clearly ascertained and known." Tidd, 713, 714.

We acknowledge the force of this doctrine, and question the right of allowing a judge to alter a judgment after the close of the term, when there is nothing to amend by; and he assumes to do it on the ground that the judgment, as entered, does not express the intention of his mind at the time it was entered. To tolerate a practice of this kind might give a license to the judge to carry the records of his court, and the ultimate rights of parties, about the country in his head. Yet, notwithstanding what has been said above, the doctrine in this country, in reference to amendments of records, may be said to have crystalized into the

following. legal propositions, namely : That any error or defect in a record which occurs through the act or omission of the clerk of the court in entering, or failing to enter, of record its judgments or proceedings, and is not an error in the express judgment pronounced by the court in the exercise of its judicial discretion, is a mere *clerical error* and amendable, no matter in how important a part of the record it may be ; and when the error or defect is in respect to the entry of some judgment, order, decree or proceeding to which one of the parties in the cause was of right entitled, as a matter of course, according to law and established practice of the court, it will sometimes be presumed to have occurred through the misprison of the clerk, and will always be amendable if, from other parts of the record, or from other convincing and satisfactory proofs, it can be clearly ascertained what judgment, order or decree the party was entitled to ; nor is it necessary, so far as clerical errors go, that the amendment should be made during the term at which judgment is rendered.  In the case of *Shaw* v. *Benkard* it was held, that, when an entry of default was not made, it is amendable in the court below, and, on appeal, the amendment will be presumed to have been made.  10 Ind. 227.  So in *Burrow* v. *Blair*, 12 Ind. 371, a clerical error, whereby a judgment for foreclosure and the order of sale, and the execution covered land at the time not included in the mortgage, was allowed to be amended.

In the case of *Limerick petitioners*, 18 Mann. R., the court say : " When a defect in a record is occasioned by an omission of the court to render the proper judgment, or to come to a conclusion upon the whole matter embraced in the cause, such defect, arising out of an incorrect or a want of judicial action, cannot be amended after the term has closed and the cause is no longer *sub judice*.  But, if the court have performed its whole duty correctly, and the recording officer has erred in making up a proper or full record, the court may, in its discretion, cause the record at any time to be amended or corrected so as to have it declare the whole truth.  Each court must necessarily be the

judge of what it has decided and adjudged; and, when it orders an amendment of the record, the presumption of other courts must necessarily be that it does not undertake to order its clerk to record what it never had decided."

In the case of *Slicer* v. *The Bank of Pittsburgh*, 16 How. 579, it was objected that the judgment was not entered upon the minutes kept by the clerk. The court say: "But the court had the power to make the amendment, which they did make, and which removed the objection, by entering the judgment *nunc pro tunc*. This was a duty discharged by the court in the exercise of a discretion which no court can revise."

In the case of *Latshaw* v. *Steinman*, 11 Serg. & Rawle, 356, it was held that the court below might, in their discretion, amend a judgment by default, and that the appellate court would not inquire whether they had exercised their discretionary power judiciously."

In the case of *Stickdale* v. *Johnson*, 14 Iowa, 179, a motion was made in December, 1861, to strike the bill of exceptions from the record. The motion was sustained because it appeared affirmatively that the same had been signed and filed in vacation, without the consent of the appellee. At the April term of the district court, A. D. 1862, the appellant moved the court to supply an omission in the final record of said cause, so that it might be made to conform to the order of the court, made at the September term, 1861, in this, to wit: "That by consent of parties the bill of exceptions was ordered to be prepared and signed in vacation." This motion was supported by affidavits; counter affidavits were filed by the attorneys on the other side, denying, in very positive terms, that they ever assented to any such arrangement, referring to some circumstances in confirmation of their statement. The motion was overruled and an appeal taken.

The supreme court say: "The facts about which there is conflicting evidence transpired before, and in the presence of, the judge below. He is supposed to have some knowledge and recollection of the facts himself. They relate to a

supposed omission in his records, which are exclusively under his own control and keeping. It would be manifestly improper, under the circumstances and the showing made, for us to overrule his decision."

Here the court treats the subject as a matter of discretion resting with the court below, and not to be interfered with by the appellate tribunal.

In *Hudgkins* v. *Kemp*, 18 How. 530, it appears that TANEY, C. J., in vacation, ordered the clerk to enter up an appeal as of the term. An appeal had been prayed and allowed, but the clerk had failed to enter the order. When it came to the supreme court for review it was not regarded as error.

The case of *Malbeson Adams* v. *Grant's admr.*, 2 How. 279, is a strong case. There the declaration was in two counts, one as administrator, and one in the plaintiff's own right — general verdict and judgment arrested, but no *venire de novo* awarded, or judgment *non obstante veredicto.* At the second term, subsequent, and one year afterward, a motion was made to vacate the order arresting the judgment. It was sustained. And on affidavits showing what evidence had been given on the trial, the verdict was amended so as to apply it to the first count. Judgment was given on the first count, and a *nolle prosequi* entered as to the other. *Held*, on error, that there is no time absolutely fixed within which such an amendment as the one in question must be made; all that is required is that it should be within reasonable time, and when no such change of circumstances shall have intervened as may render it inconvenient or inexpedient.

That such an amendment, though usually made by reference to the judge's notes, may be had upon any other evidence equally clear and satisfactory (see the cases there cited).

Many other authorities might be cited, showing that amendments of this character are matters of discretion, but we deem it unnecessary. We see no error in the action of the court below. The motion to strike the bill of exceptions from the record must be overruled.

*Motion denied.*