Mr. Justice Olin
delivered the opinion of the court:
The first ground of opposition to the motion to open the decree or modify it presents the simple question whether a justice holding the equity court may, after the lapse of several terms of that court, upon petition supported by ex-parte affidavits and upon notice to the adverse party, open, set aside, modify, or alter a final decree of that court. We think not. If otherwise, then one of the justices of this court who happens to hold a term for the month of November may, on petition or ex-parte affidavits, modify, alter, or reverse all the decrees passed by his predecessor at the October term. Nay, *293 more, lie can in the same way reverse all orders and decrees passed by the justices holding the special term for the trial of causes in equity since the organization of this court. This we think is not the mode prescribed by law for reviewing orders or decrees passed by a justice holding the special term. It would be a novel practice for a justice holding the special term to be constituted a kind of appellate court, and sit to review not only his own judgments, orders, or decrees during the term at which they were made, but upon petition and exparte affidavits, review the orders, judgments, and decrees passed at some preceding term.
By the rules of the court of chancery in England, when a decree of that court was enrolled it could not be reversed, modified, or altered but by a bill of review, which in legal effect was a retrial of the suit; a bill of review at that time being almost the only remedy to correct any error made by the chancellor — no appeal being allowed at that time from his orders or decrees. But as decrees of a court in chancery are not actually enrolled in this court, a decree is deemed to be enrolled as of the term at which it is passed, and a final decree cannot be opened after the expiration of such term except upon bill of review. See Story Eq. Pl., §§ 403 and 404; Cooper’s Eq. Pl., p. 89; Whiting vs. Bank of the United States, 13 Peters, 1 and 6.
If such was the practice of the court of chancery in England, and deemed wise and salutary, and over whose orders and decrees there was no appellate supervision although the chancellor held the equity court for as many years as did Lord Eldon, how much more is the observance of some such rule imperative in a court constituted like this, in which a new chancellor may appear every month in the year save one.
It is of no moment that the modification of the original decree was made by the same justice who passed it. Some rule must be had on this subject of universal application. New will contend that a justice holding the October term of the court could upon exparte affidavits alter, modify, or reverse a decree passed by another justice at a preceding term. We must either, therefore, adopt the rule we have indicated, or adopt the rule allowing any justice who hap *294 pens to hold the equity court or special term to look back through the records of the court, and upon ex-parte affidavits vacate, modify, or alter his own decrees whenever passed.
On the argument of this appeal, while it was conceded that a decree after enrollment or what is equivalent thereto,, after the lapse of the term at which it was passed, could not be opened except by bill of review, it was, however, claimed that the proceedings on the petition were equivalent to a bill of review. This is not so ; the proceedings had on this petition have no analogy to a bill of review. A bill of review is a retrial of the cause at least upon those points sought to be established in order to vacate or modify the decree. The proceedings upon this petition were wholly founded on ex-parte affidavits, a kind of testimony the law abhors, and never resorts to except in case of necessity. It was suggested on the argument that the modification of this decree was in reference to alimony, and that that matter was always under the control of a court of equity. This doubtless is so during the pendency of the suit, but after a final decree it is no longer subject to alteration or revision on petition or ex-parte affidavits any more than is the divorce itself, unless, as is often provided in the final decree, either party be at liberty thereafter to apply to the court for a modification of such decree in respect to alimony.
The order, wé think, should be reversed.