UNITED STATES, appellant, *v.* McELROY, respondent.

APPEALS IN UNITED STATES COURTS. The appellate jurisdiction of the courts of the United States is regulated by the acts of congress.

SAME — *laws of Territory.* The Civil Practice Act, which prescribes the mode of appealing to this court, is not applicable to cases arising under the constitution and laws of the United States.

*Appeal from Second District, Deer Lodge County.*

CLAGETT & DIXON and SHARP & NAPTON, for the motion to dismiss the appeal.

M. C. PAGE, United States Attorney, contra.

Servis, J.   At the April term, 1873, of the second judicial district court, sitting to try and determine causes arising under the constitution and laws of the United States, the respondent was indicted for the crime of embezzling money, the property of the United States.   At the following September term of said court, the court, upon motion, quashed said indictment.   From this ruling the district attorney gave notice of an appeal to this court, and procured and filed in this court, as such appeal, a transcript of the proceedings in the court below.

The respondent files his motion to dismiss this appeal upon the following grounds:

1. That no appeal lies upon the part of the United States.

2. That the transcript was not filed within thirty days after the appeal was taken.

The question presented by this motion is one of practice — as to whether the practice in the United States courts or the Territorial practice shall prevail.   The mode of removing causes from an inferior court to a superior court within this Territory, is provided in the ninth section of the Organic Act.   After providing for the jurisdiction and removal of causes arising under the Territorial laws, it is further enacted: "And each of the said district courts shall have and exercise the same jurisdiction, in all cases arising under the constitution and laws of the United States, as is vested in the district and circuit courts of the United States; * * * and writs of error and appeal in all such cases shall be made to the supreme court of said Territory the same as in other cases."

If a fair and reasonable construction of this section of the Organic Act did not of itself determine the question, we need but look to a few general principles to correctly solve it.

Appellate jurisdiction in national courts is exercised by writs of error or appeal, the former to review judgments at law, the latter to review a decree in equity.   It is acquired from the sovereign power of the United States.   Exclusive jurisdiction is the attendant upon exclusive legislation, and it is by virtue of such legislation that the case at bar had its inception, and that, too, by sovereign legislation, which carries with it, in its administration, the general practice of the courts of the United States when ad-

ministering the laws of the same.   The mode, and the only legal mode, for the removal of causes from an inferior national court to a superior is regulated by acts of congress, and does not depend upon the laws of a State or Territory.   *Hudgins* v. *Kemp*, 18 How. 530; *Kelsey* v. *Forsyth*, 21 id. 85.

The appeal in this case was perfected (if it could be) September 27, 1873, by filing a notice, as required by the Territorial laws. The transcript in this case was filed January 7, 1874, more than thirty days intervening.   Under the Territorial practice a motion to dismiss the appeal might be well taken.   But we are of the opinion that the Territorial practice does not prevail in cases arising under the constitution and laws of the United States, and that the case at bar is not before this court as required by law.

The motion to dismiss the appeal is, therefore, granted.

*Appeal dismissed.*

WADE, C. J., concurred.

KNOWLES, J., dissenting.   I dissent from the opinion of the court, upon the point that the appeal was not properly taken.   I hold that appeals should be taken in United States causes the same as in Territorial causes.