F. RUOFF, PROSECUTOR-APPELLANT, v. STANLEY BLASI, DEFENDANT-RESPONDENT.

Argued February 3, 1937—Decided April 30, 1937.

For the appellant, *Merritt Lane.*

For the respondent, *Bozza & Bozza* (*Samuel D. Bozza,* of counsel).

The opinion of the court was delivered by

HEHER, J. We concur in the conclusion of the Supreme Court, as expressed in the opinion delivered by Mr. Justice Perskie.

The action of the bureau in dismissing the employe's petition for a hearing and adjudication of his claim on the merits is an appealable judgment within the intendment of chapter 149 of the laws of 1918 (*Pamph. L., p.* 429), as amended by chapter 25 of the laws of 1932 (*Pamph. L., p.* 38), vesting

appellate jurisdiction in the respective Courts of Common Pleas. It was plainly the legislative purpose to invest the Pleas with general appellate jurisdiction of the judgments and orders of the compensation bureau; that is implicit in the statutory procedural scheme. Compare *Jayson* v. *Pennsylvania Railroad Co.,* 101 *N. J. L.* 159. And it was indisputably the statutory duty of the bureau to entertain the petition thus presented by the employe and to determine the question thus raised. *P. Bronstein & Co.* v. *Hoffman,* 117 *N. J. L.* 500.

The challenged ruling of the referee was expressed in a letter incorporated in the state of the case. This seems to have been regarded by the parties as an adequate substitute for a formal order of dismissal. Such is, of course, a practice not to be commended. The rendition and entry of an appealable judgment or order is ordinarily a *sina qua non* to the exercise of appellate jurisdiction; and the failure of the record to disclose such judgment or order generally requires a dismissal of the appeal. But, inasmuch as the transcript shows that the letter was introduced into the record below as a final dismissal of the petition, and the parties have treated it as serving the purposes of a formal order of dismissal, we are disposed to consider the record as sufficiently embodying the action made the subject of review in the Pleas. In the circumstances, this is a purely formal, non-jurisdictional omission, apparent on the face of the record, and is the proper subject of a *nunc pro tunc* order of amendment. It is an omission that, in the interest of justice, this court may well disregard, without pursuing the usual practice of holding the case pending an application for corrective action in the court below, or of remanding the record for that purpose. Compare *Delaware, Lackawanna and Western Railroad Co.* v. *Toffey,* 38 *N. J. L.* 525; *Woodward* v. *Brown,* 13 *Peters* 1; 10 *L. Ed.* 31.

And it is not to be considered that we acquiesce in the interpretation of paragraph 21 (f), section II, of the Compensation act (*Pamph. L.* 1911, *pp.* 134, 763), as amended by chapter 279 of the laws of 1931 (*Pamph. L., p.* 704),

adopted by the compensation bureau in the cited case of *Solazco* v. *Carol,* 14 *N. J. Mis. R.* 435. See, in this connection, *Streng's Piece Dye Works, Inc.,* v. *Galasso,* 118 *N. J. L.* 257, also decided this day.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, BODINE, DONGES, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.