232

DOROTHY G. ELDRIDGE, PETITIONER, v. WM. J. ELDRIDGE, RESPONDENT.

Decided August 30, 1939.

For the petitioner, *Quinn & Doremus* (*Vincent J. McCue*).

For the respondent, *Durand, Ivins & Carton* (*J. Victor Carton*).

The petitioner, Dorothy G. Eldridge, widow, filed a petition for workmen's compensation for herself and two minor children as surviving dependents of the late Lester Eldridge.

The petition states that the decedent, while in the employ of the respondent, at $30 a week, attempted to start a gasoline motor which exploded and caused his death on June 11th, 1938.

In his answer, the respondent states that the decedent was not in the performance of his duties at the time of the alleged explosion, and that his weekly wage was $17.50.

The parties agreed to settle the claim and seek approval.

The petitioner appeared before me and stated under oath that she was the widow of the decedent; that there were two children of the union, one, born May 29th, 1925, and the other, May 8th, 1933; that she was willing to accept the sum of $3,600 payable in three hundred weekly installments of $12 each, and to pay her counsel.

I withheld approval of the settlement in order to compute the exact amount petitioner would receive if she proved her

claim under the act. I find that on the basis of a wage of $17.50, both parties agreed upon this rate, and the corresponding compensation rate of $10 a week, petitioner would be entitled to the sum of $5,691.43, plus statutory funeral expenses of $150 or a total of $5,841.43.

Has the bureau any authority to approve such agreement? The Court of Errors and Appeals has construed the act and found that the bureau has no such authority.

"We find no provision in the statute vesting in the bureau authority to approve a compromise of a valid claim under its provisions for less than the sum thereby prescribed or of a claim outside of the act erroneously asserted to be within its terms. The policy of the law is not served by reduced payments to one entitled to its benefits; nor is it advanced by providing compensation to one not within the statutory class. The approval by the bureau of a compromise agreement made with one not so entitled is nugatory; such action is *coram non judice."* *P. Bronstein & Co.* v. *Hoffman,* 117 *N. J. L.* 500; 189 *Atl. Rep.* 121; *Ruoff* v. *Blasi,* 118 *N. J. L.* 314; 191 *Atl. Rep.* 877.

By this test, if the petitioner has a valid claim, then she is entitled to the entire amount, and if not, then she is not entitled to any recovery under the act.

STEPHEN J. LORENZ,
*Deputy Commissioner.*