## BENNETT v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
December 7, 1929.

No. 5769.

Bart A. Riley, of Miami, Fla., for appellant.

W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. ■ On November 23, 1929, Frank A. Bennett was sentenced to pay a fine of $1,000 and serve five years in the Atlanta penitentiary upon being convicted of using the mails for the purpose of executing a scheme to defraud, in violation of 18 USCA § 338. He immediately gave notice of appeal returnable within 30 days, but, whether or not his appeal was allowed by the District Judge does not appear from the record brought before us in support of a petition to this court for supersedeas and bail pending appeal. It does appear, however, that the District Judge entered an order denying Bennett's motion to fix a supersedeas bond, and requiring him as a condition to superseding the judgment to make his application for bond to this court. Notice that such application would be made to this court on December 5, 1929, to fix the amount, terms, and conditions of the supersedeas bond was served upon, and acknowledged by, the district attorney on November 25; but the district attorney has not appeared or contradicted the statement of facts set up in the petition, and we therefore accept such statement as true. The petition before us discloses that a demurrer to the indictment was overruled; that the trial consumed several days; that numerous objections and exceptions were made and taken to the charge of the court and to its refusal to give charges requested; and that a motion for a directed verdict was denied. ■ The evidence is not before us, but we cannot assume, in the absence of a showing by the government, that the appeal is frivolous.

■ It is provided by section 1007 of the Revised Statutes that, "in any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas" by giving the security required by law within 60 days after rendition of the judgment. 28 USCA § 874. But, as security is not required in a criminal case, an appeal taken within time, as this one was attempted to be taken, operates as a supersedeas without the necessity of giving bond. In re Claasen, 140 U. S. 200, 11 S. Ct. 735, 35 L. Ed. 409. The application to the District Judge was for a supersedeas bond, counsel apparently losing sight of the distinction between supersedeas and bail. See Hovey v. McDonald, 109 U. S. 150, 3 S. Ct. 136, 27 L. Ed. 888. Although judgment upon conviction in a criminal case is superseded by an appeal without bond, a person under sentence may nevertheless be held in custody or enlarged on bail; but it is evident that the District Judge intended to refuse to fix bond for bail as well as for supersedeas, and to compel Bennett immediately to begin service in the penitentiary upon his sentence. One under arrest is entitled to bail in criminal cases before conviction, where the offense with which he is charged is not punishable by death. 18 USCA § 596. It is the settled law in the federal courts that a person who has been convicted on a criminal charge is likewise entitled to bail pending his appeal, except where it is plainly made to appear that an appeal is frivolous or taken only for delay. Hudson v. Parker, 156 U. S. 277, 15 S. Ct. 450, 453, 39 L. Ed. 424; United States v. Motlow (C. C. A.) 10 F.(2d) 657; McKnight v. United States (C. C. A.) 113 F. 451; Hanes v. United States (C. C. A.) 299 F. 296; Howell v. United States (C. C. A.) 10 F.(2d) 504; Rossi v. United States (C. C. A.) 11 F.(2d) 264; Jones v. United States (C. C. A.) 12 F.(2d) 708.

The opinion in United States v. Motlow, supra, is by Mr. Justice Butler of the Supreme Court upon an application for supersedeas and bail to him as Circuit Justice by defendants who had been convicted and sentenced. In that opinion the authorities were exhaustively reviewed, and it was held that the uniform rule which permits bail after conviction on other than frivolous appeals was not affected by the recommendation of the conference of Senior Circuit Judges held in June, 1925, upon the call of the Chief Justice.

It is to be noted that the recommendation just above referred to concludes with the statement that "application should be made

to the trial judge in the first instance." While it is true that the presumption of innocence does not remain after conviction, yet it is also true that many criminal cases are reversed on appeal.

In the language of the Supreme Court in Hudson v. Parker, supra, "The statutes of the United States have been framed upon the theory that a person accused of crime shall not, until he has been finally adjudged guilty in the court of last resort, be absolutely compelled to undergo imprisonment or punishment, but may be admitted to bail, not only after arrest and before trial, but after conviction, and pending a writ of error." It causes unnecessary hardship upon a defendant to require his application for bail to be made initially in the appellate court. The amount of the bail bond in a criminal case is largely determined by the ability of the defendant to give it, and what would be a reasonable bond in a given case can usually best be determined by the trial judge, because of his familiarity with the facts and the financial ability of the defendant to give security. Excessive bail is forbidden by the Eighth Amendment. What would be a reasonable bail in the case of one defendant may be excessive in the case of another.

An order will be entered by the clerk of this court, allowing the appeal in the event it has not already been allowed by the trial judge, providing that the appeal shall operate as a supersedeas, and that appellant be admitted to bail upon giving bond in the sum of $5,000 to abide the disposition of his case on appeal.