In re Oscar
**ROLDAN–ZAPATA, Petitioner.**

**UNITED STATES of America, Plaintiff,**

v.

**Oscar ROLDAN–ZAPATA, Pedro Osario–Serna and Eric Akiva, Defendants.**

**No. 980, Docket 89–3008.**

United States Court of Appeals,
Second Circuit.

Submitted March 14, 1989.
Decided March 30, 1989.

Anthony J. Scremin, Miami, Fla., submitted a brief, for petitioner.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., John Gleeson, Peter R. Ginsberg, Asst. U.S. Attys., E.D.N.Y., Brooklyn, N.Y., submitted a brief, for plaintiff.

Before TIMBERS, MESKILL and NEWMAN, Circuit Judges.

PER CURIAM:

This is a petition for a writ of mandamus to review an order of the United States District Court for the Eastern District of New York, Costantino, J., denying a motion to recuse.

We place less significance than does Judge Newman in his dissent on the district judge's gratuitous remark, "I don't rec[ ]use myself from anything." We believe that the judge exercised discretion in deciding whether he should recuse himself in this matter.

Therefore, the petition for a writ of mandamus, seeking recusal of the district judge from a pending criminal case, is denied.

JON O. NEWMAN, Circuit Judge, dissenting:

Though it may yet appear that the District Judge need not recuse from further participation in this criminal case, I respectfully dissent from the denial of the petition for mandamus because the Judge has un-questionably failed to exercise his discretion as to *whether* he should recuse.

On January 13, 1989, Oscar Roldan–Zapata filed a motion seeking the recusal of Judge Costantino from a criminal case then scheduled for trial on January 23. Petitioner, a native of Colombia, alleged that the Judge had evidenced bias against Colombians in the course of sentencing another defendant on October 11, 1988. The motion alleged that the Judge had made a statement "to the effect that Colombians were not nice people because they kill their own judges" and that petitioner and his counsel were present when this and other statements allegedly evidencing bias against Colombians were made.

Judge Costantino denied the motion on January 23, stating only the following:

That motion is denied. I read the papers. Motion denied. I don't rec[ ]use myself from anything.

Transcript of January 23, 1989 hearing at 2.

On February 15, petitioner sought a writ of mandamus from this Court and a stay of his trial, which had been adjourned to March 20. This Court denied the stay but requested a response to the petition. The Government's answering papers contend that the recusal motion was untimely, citing *United States v. Durrani*, 835 F.2d 410 (2d Cir.1987), and that the petitioner has provided no relevant evidence to support his claim that the Judge is not impartial. Neither contention is dispositive. In *Durrani*, the trial judge had denied the recusal motion as untimely, 835 F.2d at 427; here the trial judge made no such determination. Moreover, the alleged delay is not necessarily fatal in view of the fact that the petitioner promptly sought to obtain a transcript of the October 11 proceedings, but has to date been unsuccessful. The Government acknowledges that its own strenuous efforts to obtain the transcript have also been unsuccessful. The unavailability of the transcript also blunts the Government's claim that adequate evidence of partiality is lacking. Petitioner has done all he can under the circumstances, supplying his affidavit of the pertinent facts.

It may well be that once the transcript is obtained, it will adequately demonstrate that the Judge's alleged remark on October 11, even if made as petitioner avers, is properly understood in context to reflect an adverse view only of those Colombians, like the defendant he was then sentencing, who have been involved in drug trafficking. But that prospect has nothing to do with petitioner's entitlement to the writ of mandamus now in order to compel the District Judge to exercise his discretion on the recusal motion, rather than reject it without exercising discretion because he does not recuse himself "from anything."

It has long been settled that mandamus is available to compel a trial judge to exercise his discretion when it is his duty to do so. *Hudson v. Parker,* 156 U.S. 277, 288, 15 S.Ct. 450, 454, 39 L.Ed. 424 (1895). A trial judge's assessment of the sufficiency of an affidavit seeking recusal requires the exercise of discretion. *See In re Drexel Burnham Lambert Inc.,* 861 F.2d 1307, 1312 (2d Cir.1988); *Apple v. Jewish Hospital and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987) (collecting cases).

Since mandamus is available to correct a judge's wrongful refusal to disqualify himself, *see Rosen v. Sugarman,* 357 F.2d 794, 797 (2d Cir.1966), it would seem equally clear that it is available to require him to exercise his discretion with respect to a recusal motion. The failure to exercise discretion not only subjects a litigant to a trial from which the judge might have recused himself had he given the required individualized attention to the motion, it also "[c]omplicat[es]" the appellate court's review of the correctness of the denial of the motion upon appeal from a final judgment, as we had occasion to observe with respect to an unexplained denial of a recusal motion in another case. *See Apple v. Jewish Hospital and Medical Center,* 829 F.2d at 333.

For these reasons, I would issue the writ of mandamus for the limited purpose of requiring the District Judge to exercise his discretion with respect to the recusal mo-

tion, and therefore dissent from denial of the petition.