**U.S. EAST TELECOMMUNICATIONS, INC., Plaintiff–Appellee, Cross–Appellant,**

v.

**U.S. WEST INFORMATION SYSTEMS, INC., Defendant–Appellant, Cross–Appellee.**

**Docket Nos. 93–9140, 93–9198.**

United States Court of Appeals, Second Circuit.

Argued Jan. 11, 1994.

Decided Jan. 27, 1994.

262

Clifford J. Chu, Ralph Pernick (Hayt, Hayt & Landau, Great Neck, NY), for plaintiff-appellee, cross-appellant.

Joel M. Miller (Miller & Wrubel, P.C., New York City) for defendant-appellant, cross-appellee.

Before: NEWMAN, Chief Judge, WINTER, Circuit Judge, and BRIEANT, District Judge.*

BRIEANT, District Judge:

In talismanic reliance on a single word, used in an Amended Scheduling Order of the district court, plaintiff-appellee, cross-appellant, U.S. East Telecommunications, Inc. ("East"), has moved to dismiss the appeal of defendant-appellant cross-appellee, U.S. West Information Systems, Inc. ("West") on the ground of untimeliness.

The facts upon which this motion depends are undisputed. After a twelve day consent jury trial before the Hon. Theodore H. Katz,

* Charles L. Brieant, of the United States District Court, Southern District of New York, sitting by

United States Magistrate Judge, Southern District of New York ("the trial judge") a verdict was rendered in favor of East for breach of contract, and alternatively, unjust enrichment, amounting together with prejudgment interest, to $661,011.80.

West filed a timely motion for judgment as a matter of law or, in the alternative, for a new trial, based on the customary grounds and relying on Rules 50(b) and 59 F.R.Civ.P. The motion was filed at a time when the trial transcript was unavailable.

The trial judge concluded that a copy of the trial transcript and a memorandum of law with transcript citations were necessary to permit an informed decision on the motion. Instead of reserving decision or holding the motion in abeyance while the transcript could be prepared, the Court issued an Amended Scheduling Order. This Order, which followed a telephone conference during which counsel for West did not protest, provided that the motion, "shall be withdrawn with leave to refile once a trial transcript has been produced and provided to the Court ... no later than January 29, 1993." In the fullness of time the transcript was secured, and the grounds urged in support of the motion were amplified considerably. Such subsequent amplification of a timely motion for a new trial or judgment n.o.v. has been permitted. Cf. *Meriwether v. Coughlin*, 879 F.2d 1037, 1040–42 (2d Cir.1989).

When a "refiled", or renewed, motion together with a trial transcript and brief was presented to the trial judge, East objected that the "new" motion was time-barred, and that any appeal from the judgment would likewise be time-barred. The trial judge declined to reject the "renewed" motion as being out of time, and, in a justification after the fact, explained his own prior *sua sponte* order, that the timely motion be "withdrawn":

> "In this action, there can be no dispute that defendant filed its original motion, pursuant to Rules 50 and 59, within 10 days of entry of judgment, thus suspending the finality of the judgment. The

designation.

Court's direction that the motion be withdrawn and refiled was not intended, nor understood, to extend the time for filing of the motion; nor did it. It was in effect an order directing that supplemented or amended papers be submitted with citations to the transcript. By seizing on the literal, and perhaps inapt, language chosen by the Court in the Rescheduling Order, plaintiff is the one who is seeking a "tactical" advantage by attempting to transform the [Amended Scheduling] Order into something it was not."

We regard the Amended Scheduling Order, to the extent that it attempted to direct that a timely motion for a new trial be "withdrawn" as void, *ultra vires* and a nullity. A Court confronted by a motion authorized by the Rules must decide the motion within a reasonable time.[1] While it is appropriate that decision be reserved on a motion in order to permit further study, or supplementation of the motion with a transcript or brief, as really was attempted to be done here, the right of a movant to have a motion decided is so clear that it will be enforced under proper circumstances by mandamus. *See, e.g., Hudson v. Parker*, 156 U.S. 277, 288, 15 S.Ct. 450, 454, 39 L.Ed. 424 (1895), *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987).

Accordingly, we conclude that the sole effect of the Amended Scheduling Order was to reserve decision, since that was all the trial judge had the power to do under the circumstances. The "renewed motion" was in effect the same motion which had remained undecided, supplemented by the transcript and additional arguments.[2] The trial judge was correct in treating the "renewed motion" as an amendment or enlargement of the original motion.[3]

We note in passing that the unintentional and unnecessary confusion engendered by the Amended Scheduling Order demonstrates the normative effect of statistics, and shows that the mere collection of statistics can have an effect, adverse in this situation, on the ways in which courts do their business.

By a provision of the Civil Justice Reform Act of 1990, 28 U.S.C. § 476(a)(1), the Director of the Administrative Office of the United States Courts must report to the public, for each judicial officer and by case name, those motions that have been pending for more than six months. Many pending motions, like the motion in this case, cannot be decided immediately because of the need for additional materials, such as a trial transcript. This has resulted in the establishment of 28 different official explanatory codes for such reports, ranging from "A" (Awaiting decision in related or controlling cases), to "BB" (Awaiting arbitration). Obviously, the motion which has been marked "withdrawn" with leave to renew places no demands on the judicial officer to determine the proper code for his or her report to the Director, or to justify to the chief judge or judicial council having a large number of pending motions. But, in the case of motions such as this one, which must be made within a ten day limit which cannot be enlarged, the *sua sponte* "withdrawal" of the motion is more than inapt. It is inappropriate and we hold it to be of no effect.

Motion denied.

---

**1.** Even a decision to abstain, or to stay all proceedings, is in itself a decision.

**2.** We note that this case is not controlled by the December 1, 1993 Amendment to Rule 4(a)(4) F.R.App.P., which now treats virtually all motions made within ten days after entry of judgment as enlarging the time to appeal until the entry of the Order disposing of the last such motion outstanding.

**3.** We need not consider the case of the hypothetical innocent third party who might have inspected the docket sheet in this action after the motion was ordered withdrawn, and acted to his or her detriment believing the judgment was no longer subject to appellate review. That is not this case, nor do we expect this situation to recur.