**In re CARROLL.**

**Civ.No. 3:02MC443 (JBA).**
**Bankruptcy No. 00–05130.**

United States District Court,
D. Connecticut.

May 8, 2003.

Robert C. Reichert, Reid & Riege, P.C., Hartford, CT, for Carroll.

*Ruling Denying Petition [Docs.## 1, 3]*

ARTERTON, District Judge.

Dr. Roberta Carroll and Joseph P. Carroll have petitioned for a writ of mandamus ordering the Bankruptcy Court to rule on their pending motion for recusal. For the reasons set out below, the petition is denied.

## I. Background [1]

The Carrolls claim an ownership interest in a painting that may or may not be an asset of the Michael Altman bankruptcy estate. The painting has been in storage by order of the Bankruptcy Court since 1997. In December 2001, the Carrolls reached an agreement with the bankruptcy trustee which provided that the trustee would release the estate's claim on the painting in exchange for $10,000. As a compromise of a claim of the estate, the agreement was subject to approval by the Bankruptcy Court, and a motion to approve the compromise was filed December 13, 2001. The motion remains pending in the Bankruptcy Court as evidentiary inquiries are made with respect to the propriety of the compromise.

During two conferences in June 2002, the Carrolls assert that the Bankruptcy Judge "revealed a personal prejudice and animus toward them such that [the Judge] had assumed the role of an advocate warranting recusal," [Doc. # 1] at 4, and on July 8, 2002, the Carrolls filed a motion for recusal of the Bankruptcy Judge. No ruling has been made on the recusal motion, with the Bankruptcy Court explaining that ruling was deferred until such time as the court had ruled on the motion to approve the compromise:

On July 8, 2002, the Carrolls filed a motion ... seeking my recusal from the

---

1. The Court sets out only such facts as are relevant to the instant petition. A more complete history may be found in *In re Altman,* 254 B.R. 509 (D.Conn.2000).

instant adversary proceeding. Consideration of that motion is deferred in the interests of judicial economy. If the motion to approve the compromise is granted, the instant adversary proceeding will be settled, mooting the motion to recuse. If the respondent's expert makes a timely unconditional offer to purchase the Miller painting for at least the requisite amount, the motion to compromise will be denied, and the court will schedule a hearing on the motion to recuse.

Order of the Bankruptcy Court [Doc. # 1 Ex. E] at 4 (July 31, 2002).

After several requests for a ruling on the motion to recuse, the Carrolls petitioned this Court for a writ of mandamus ordering the Bankruptcy Court to rule on the pending motion to recuse prior to taking any further action in the case. In support of their petition, the Carrolls assert that their recusal motion should be ruled upon before any new substantive matter is addressed, although they concede that they have no legal authority requiring such result. [Doc. # 1] at 8 & 8 n. 3. They assert that they have no remedy other than mandamus because a subsequent appeal from a final judgment "is not adequate for practical reasons":

> Dr. Carroll has been deprived of the possession of her Painting since [the Bankruptcy Court] entered the TRO in 1997. Since then, Dr. Carroll has spent hundreds of thousands of dollars on legal fees to recover her painting, and has even resolved the dispute with the fiduciary who brought the claim for the Altman bankruptcy estate (the Trustee). Now, Dr. Carroll faces a Judge who has stated that, "I am not going to approve a Compromise that only brings ten thousand dollars into the estate." The Carroll defendants should not have to incur additional attorney fees arguing a Mo-

tion to Approve Compromise before a Judge that has already told the parties how he is going to rule.

[Doc. # 1] at 10 (record citation omitted). Finally, the Carrolls note that Dr. Carroll has macular degeneration and if the proceedings extend much further, "she will be unable to see the Painting when it is finally removed from the effect of the 1997 TRO and returned to her possession." *Id.*

## II. Standard

Mandamus is properly granted for two purposes: (1) Protection of a superior court's mandate to assure that the terms of the mandate are scrupulously and fully carried out, and that the inferior court's actions on remand are not inconsistent with either the express terms or the spirit of the mandate, or (2) Restraining an inferior court from detours into areas in which it lacks jurisdiction (or, in some instances, forcing an inferior court to take an obligatory action).

*In re F.C.C.*, 217 F.3d 125, 133 (2d Cir. 2000) (internal quotations, citations and alterations omitted). It is an extraordinary remedy and is not normally granted if the relief sought could be obtained through a direct appeal. *In re Austrian, German Holocaust Litigation*, 250 F.3d 156, 163 (2d Cir.2001). Mandamus is a remedy "rarely granted" in the Second Circuit, *In re Dow Corning Corp.*, 261 F.3d 280, 285 (2d Cir.2001) (citation omitted), and the writ will be granted "only where the petitioner's right to relief is clear and indisputable," *In re F.C.C.*, 217 F.3d at 134 (internal quotation omitted). "Mandamus is not used simply to correct error." *Id.* at 133 (citations omitted).

## III. Discussion

### A. Clear Entitlement to the Writ

The Carrolls have shown no "clear and indisputable" right to a writ requiring

the Bankruptcy Court to rule on the motion for recusal prior to ruling on the pending motion to approve the compromise. They do not seem to dispute the factual predicate underlying the Bankruptcy Court's reasoning for deferral of ruling on the recusal motion (that if the motion to compromise is granted, the motion to recuse will be moot as the Carrolls will have received what they bargained for in December 2001—well before the alleged indicia of judicial bias allegedly surfaced in June 2002). The Carrolls do not claim that the compromise they reached with the trustee was in any way tainted by what they perceive as bias on the part of the Bankruptcy Court. Therefore, if the compromise is approved, the Carrolls would presumably be satisfied and would no longer be parties to any proceeding before the Bankruptcy Court, thus mooting their recusal motion.

The Bankruptcy Court has not simply refused to consider the motion, *cf. In re Roldan–Zapata*, 872 F.2d 18, 19–20 (2d Cir.1989) (Newman, J., dissenting) (concluding that mandamus was proper where the district judge "unquestionably failed to exercise his discretion as to *whether* he should recuse") (emphasis in original),[2] and has not deferred consideration until the entire case is concluded, *cf. Philip Morris Cos. v. National Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir.2000) (one factor in denial of petition for mandamus

was "the absence in the record of a definitive ruling by the district court that it would under no circumstances decide class certification before trial"). Instead, the Bankruptcy Court has decided, in the interests of judicial economy, to determine whether the compromise should be approved or not before determining whether recusal is warranted. The Carrolls cite no legal authority showing that this course of action is improper.[3] Lastly, the recusal motion filed July 8, 2002 has not been pending for an undue length of time in the Bankruptcy Court. *See In re Nagy*, 89 F.3d 115, 117 (2d Cir.1996) ("The application is entirely without merit. Judge Patterson has not delayed an undue amount of time in ruling on the motion to recuse, and Nagy has not made the 'extraordinary showing' required to issue a writ of mandamus in lieu of the traditional remedy of an appeal from a final judgment to test a judge's ruling with respect to recusal.") (citation omitted).

## B. Adequacy of Direct Appeal Following Final Judgment

The Carrolls have not sufficiently demonstrated that a direct appeal from a final judgment will be inadequate or incomplete relief. The Carrolls' claim that they should not have to undergo the expense and delay of further litigation before the current Bankruptcy Judge is unpersuasive because there is only one eventuality in which their

**2.** The majority in *Roldan–Zapata* concluded that the district court had exercised its discretion and had concluded that recusal was not warranted. *Id.* at 19 ("We place less significance than does Judge Newman in his dissent on the district judge's gratuitous remark, 'I don't rec[]use myself from anything.' We believe that the judge exercised discretion in deciding whether he should recuse himself in this matter.").

**3.** The Court has found only one case addressing this situation, but, unlike this case, it

applied a local rule requiring ruling on a motion for recusal prior to any other ruling. *See United States v. Real Property Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870–871 (9th Cir.2001) (while appellants claimed that the district judge violated a local rule by dismissing appellants' claims while their motion to disqualify him was pending, no violation occurred because the recusal motion had in fact been denied before the dismissal order was entered).

expense or delay may be increased (and even if this eventuality comes to pass, it is speculative whether additional expense and delay will necessarily follow). The three possible outcomes are:

(1) The Bankruptcy Court approves the compromise, no appeal is necessary as the Carrolls will have achieved the result they agreed to in December 2001.

(2) The compromise is not approved, the Bankruptcy Court denies the recusal motion, and litigation proceeds apace before the current Bankruptcy Judge to final judgment.

(3) The compromise is not approved and the Bankruptcy Court grants the recusal motion, the litigation is re-assigned and the new judge decides whether to consider a renewed motion to approve the compromise. Even if a new judge reconsiders the compromise motion, this may not entail additional delay or expense to the parties beyond that generally associated with case transfer because there would already be a complete record of testimony from the prior hearing, and the Carrolls may prevail on their earlier argument that a hearing is "unnecessary and irrelevant." [Doc. # 1] at 4 n. 1.

To conclude that additional expense and delay will ensue if the petition for mandamus is not granted, the Court would have to assume that the Bankruptcy Court will deny the motion to compromise, grant the motion to recuse, and that the newly-assigned judge will vacate the ruling denying the motion to compromise and conduct further proceedings on the motion. Even indulging the Carrolls' speculative scenario, there is still an insufficient showing of the length of the resulting delay or that the merits of Dr. Carroll's claim are such that the painting will ultimately be restored to her. Thus, while Dr. Carroll's potential loss of vision is indeed unfortunate, there is no basis for the Court to conclude that declining to issue the writ would ultimately result in Dr. Carroll taking possession of the painting after her vision has deteriorated to the point where she can no longer see the painting. Instead, the record is such that several other possibilities are just as likely: Dr. Carroll may have no entitlement to painting; she may have an entitlement to the painting that will be timely vindicated regardless of whether the writ is issued; or she may have an entitlement to the painting which would not be timely vindicated even if the Court did issue the writ.

IV.   Conclusion

The Petition for Writ of Mandamus [Docs.## 1, 3] is DENIED.

IT IS SO ORDERED.