214 F.3d 132 (2nd Cir. 2000)
 In Re: PHILIP MORRIS INCORPORATED; PHILIP MORRIS COMPANIES, INC.; R.J. REYNOLDS TOBACCO CO., INC.; RJR NABISCO, INC.; BROWN & WILLIAMSON TOBACCO CORPORATION; FORTUNE BRANDS, INC.; LORILLARD TOBACCO COMPANY; THE AMERICAN TOBACCO COMPANY; THE COUNCIL FOR TOBACCO RESEARCH U.S.A., INC.; THE TOBACCO INSTITUTE, INC.; BRITISH AMERICAN TOBACCO COMPANY, LTD.; and HILL & KNOWLTON, INC., Petitioners,
v.
NATIONAL ASBESTOS WORKERS MEDICAL FUND, NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN, PLUMBERS LOCAL NO. 1 INDUSTRY BOARD WELFARE FUND, UA LOCAL 38 HEALTH AND WELFARE TRUST FUND, WASHINGTON AREA CARPENTERS' HEALTH AND WELFARE TRUST FUND, IRON WORKERS LOCAL UNION NO. 16 HEALTH FUND, Respondents.
 Docket No. 00-3004
August Term 1999
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Petition Submitted: February 8, 2000
Decided: June 09, 2000
 
 Petition for writ of mandamus directing the United States District Court for the Eastern District of New York, (Weinstein, J.), to determine immediately whether the underlying action shall be maintained as a class action pursuant to Fed. R. Civ. P. 23.
 DENIED.
 KENNETH J. PARSIGIAN, Paul E. Nemser, Christopher D. Moore, Goodwin, Procter & Hoar LLP, Boston, MA, for Petitioners.
 SALLY M. TEDROW, O'Donoghue & O'Donoghue, (Louis P. Malone III, Todd B. Castelton, on the brief) Washington, DC E. DAVID HOSKINS, Law Offices of Peter G. Angelos, P.C., (John C.M. Angelos, David L. Palmer, on the brief), Baltimore, MD, for Respondents.
 Before: WALKER, JACOBS, and LEVAL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner is the defendant in a case styled as a class action under Fed. R. Civ. P. ("Rule") 23(b)(3), seeking damages on behalf of
 
 
 2
 [a]ll self-insured, multi-employer benefit plans ("Plans") and their respective Boards of Trustees ("Trustees"), established pursuant to the requirement of the Labor Management Relations Act, Section 302(c)(5), 29 U.S.C. § 186(c)(5) (Taft-Hartley Act) (for the purpose of providing health, welfare and related benefits to participants working or who have worked in the building trades and those participants' beneficiaries), which have made payments on or subsequent to January 1, 1975 pursuant to the Plans' terms to or on behalf of participants and beneficiaries who have suffered, presently will suffer, or will suffer or who have died from diseases and medical conditions caused by smoking cigarettes or using other tobacco products that contain nicotine.
 
 
 3
 Plaintiffs allege that there are approximately 4000 such funds and claim potential liability in the billions of dollars.
 
 
 4
 Following repeated refusals by the district court, (Jack B. Weinstein, J.), to decide whether to certify plaintiffs' class, petitioners now moves for a writ of mandamus directing the district court to decide the issue of class certification prior to trial. Petitioner relies upon Rule 23(c)(1) which provides, in its entirety:
 
 
 5
 As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.
 
 
 6
 Petitioner argues that the district court has violated its duty to decide the issue of class certification "as soon as practicable."
 
 
 7
 Rule 23 was substantially amended in 1966, in part to prevent prejudice to defendants that can arise when a determination of class certification is postponed until after trial. The advisory committee note to the 1966 amendment of Rule 23(c)(3) makes this concern plain:
 
 
 8
 Hitherto, in a few actions conducted as "spurious" class actions and thus nominally designed to extend only to parties and others intervening before the determination of liability, courts have held or intimated that class members might be permitted to intervene after a decision on the merits favorable to their interests, in order to secure the benefits of the decision for themselves, although they would presumably be unaffected by an unfavorable decision. . . . Under proposed subdivision (c)(3), one-way intervention is excluded; the action will have been early determined to be a class or nonclass action, and in the former case the judgment, whether or not favorable, will include the class, as above stated. (emphasis added).
 
 
 9
 We have previously noted the onerous effect of failing to decide class certification promptly, finding that a district court's failure to decide class certification "early in the proceedings not only produced below an atmosphere of confusion, but also made our appellate review more difficult." Henry v. Gross, 803 F.2d 757, 769 (2d Cir. 1986).
 
 
 10
 In a related context, the Supreme Court has addressed the impropriety of deciding class certification after conducting a preliminary inquiry into the merits of plaintiffs' case. As the Court explained:
 
 
 11
 Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained. This procedure is directly contrary to the command of subdivision (c)(1) that the court determine whether a suit denominated a class action may be maintained as such "[a]s soon as practicable after the commencement of [the] action."
 
 
 12
 Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974) (alterations in original). The Court's reasoning applies with even greater force to post-trial Rule 23(b)(3) certification decisions than to certification decisions following pre-trial hearings on the merits. Cf. Paxton v. Union Nat'l Bank, 688 F.2d 552, 558 (8th Cir. 1982) (citing Eisen for the proposition that Rule 23(c)(1) requires class certification decisions to be made prior to trial). We have carefully reviewed the circumstances of this case and find nothing present within it that would alter the applicability of subdivision (c)(1)'s proscription that class-action certification be decided "as soon as practicable," and in this case that certainly means pre-trial.
 
 
 13
 By this decision, we do not intend to abrogate district courts' discretion to decide when to determine class certification. See, e.g., Chateu de Ville Prods., Inc. v. Tams-Witmark Music Library, Inc., 586 F.2d 962, 966 (2d Cir. 1978). "[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." Sirota v. Solitron Devices, Inc., 673 F.2d 566, 571 (2d Cir. 1982). As we have explained, "in making a certification decision, a judge must look somewhere between the pleading[s] and the fruits of discovery. . . . [E]nough must be laid bare to let the judge survey the factual scene on a kind of sketchy relief map, leaving for later view the myriad of details that cover the terrain." Id. at 571-72 (internal quotation marks omitted) (alteration in original).
 
 
 14
 However, "as soon as practicable" does not confer unfettered discretion, especially in the context of Rule 23(b)(3), where damages are at stake. See Jimenez v. Weinberger, 523 F.2d 689, 697 (7th Cir. 1975) ("[T]he text certainly implies, even if it does not state expressly, that [a class certification] decision should be made in advance of the ruling on the merits."). While we do not foreclose the possibility of a post-trial class certification in another case, it is "difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." Bieneman v. Chicago, 838 F.2d 962, 964 (7th Cir. 1988) (per curiam). In this case, in the face of repeated requests by the petitioner and with trial imminent, Rule 23(c) imposes on the district court an immediate obligation to decide the issue of class certification and thereby to abate the multi-billion dollar specter of a risk-free intervention decision by thousands of putative plaintiffs.
 
 
 15
 Turning to the specific mandamus request before us, we are mindful that "an appellate court should not issue mandamus to correct even gross error, but should issue the writ when necessary to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 652 (2d Cir. 1987) (internal quotation marks and citation omitted). Having never before announced our understanding of the timing requirement in Rule 23(c), and in the absence in the record of a definitive ruling by the district court that it would under no circumstances decide class certification before trial, we believe mandamus is inappropriate at this time. In light of our decision today, we are confident that the district court will promptly discharge its obligation to decide the issue of class certification. The present panel will retain jurisdiction over any further motions, pre-trial appeals, or appeals arising from class certification in this case. Our familiarity with the procedural history and issues involved will allow us to respond expeditiously to any related issues should they arise.
 
 
 16
 Petition for mandamus is DENIED.